UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Christine Dahl, | CASE NO.: _2:24-cv-3677-DCN-MGB |
| Plaintiff, | |
| v. | **COMPLAINT**<br>**(Jury Trial Requested)** |
| Charleston County, and Charleston County Aviation Authority, | |
| Defendants. | |

The Plaintiff complaining of the Defendants would show unto this Honorable Court as follows:

## JURISDICTION AND PARTIES

1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.,* and for religious discrimination and sexual harassment under 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964.

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

    a. A charge of employment discrimination on basis of racial discrimination and sexual harassment was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

    b. Notification of the Right to Sue was received from EEOC on or about June 10, 2024.

    c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. Plaintiff, Christine Dahl, is a citizen and resident of the State of South Carolina, and resides in Dorchester County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the County of Charleston, State of South Carolina.

5. The Defendant, Charleston County, is a governmental municipality operating in this judicial district.

6.  The Defendant, Charleston County Aviation Authority, is a governmental subdivision operating in this judicial district.

7.  All of the events or omissions giving rise to the claim occurred in this judicial district. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

8.  Defendants are a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9.  Defendants are an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

10. Defendants employ fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

11. The parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

12. On or about May 29, 2023, Plaintiff began working for Defendants as a Line Service Technician. At all times, Plaintiff was effective and efficient in her employment.

13. Immediately after Plaintiff's employment began, Plaintiff was subjected to religious discrimination and inappropriate sexual advances and comments by Kevin Amead, Plaintiff's Trainer.

14. Mr. Amead began to tell the Plaintiff about his religion, and Plaintiff told him that she was Agnostic and that she did not want to discuss religion.  Mr. Amead then began to question the Plaintiff's beliefs and insisted that she go to church with him.  The Plaintiff again told him that she was not interested, but Mr. Amead would not stop.

15. Mr. Amead would also constantly make sexual remarks towards Plaintiff, such as when Plaintiff would insert the fuel nozzle into the fuel receptacle, Mr. Amead would say things like "only insert three inches." Plaintiff would repeatedly ask Mr. Amead to stop, but he would not.

16. On or about June 28, 2023, the Plaintiff reported the discrimination and harassment based on gender/sex and retaliation to her supervisor, Renee Melvin.  Ms. Melvin told the Plaintiff that "Kevin is strange," that there had been similar complaints before, but nothing was done.

17. On or about June 29, 2023, the Plaintiff was at work on the terminal and started feeling sick, so she called Ms. Melvin.  Ms. Melvin told her to go to the hospital.  The Plaintiff did go to the hospital and was diagnosed with dehydration and heat exhaustion.

18. Plaintiff told her supervisor about her diagnoses and that it occurred at work, thereby instituting a workers' compensation claim.

19. Following the Plaintiff's claim for workers' compensation, the Defendants, their agents, servants and/or employees began systematically retaliating against Plaintiff.

20. After the complaints of discrimination, Plaintiff was forced to continue to work with Mr. Amead wherein the harassment and inappropriate behavior continued, thereby creating a hostile work environment.  Plaintiff continued to report the discrimination, harassment, and hostile work environment, but nothing was done.

21. On or about July 7, 2023, the Plaintiff was terminated due to her reports of discrimination, sexual harassment, and institution of a workers' compensation claim.

22. It was the duty of Defendants, by and through their agents, servants and/or employees, to prevent such acts and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

23. Despite her reporting the behavior, Defendants did not take appropriate action to resolve the problems and disciplined the Plaintiff for Mr. Amead inappropriate behavior upon her.

24. That the unjust disciplinary actions and termination of Plaintiff with Defendants was the response by Defendants, their agents and servants, to Plaintiff's reports and complaints of lewd and inappropriate behavior of Mr. Amead including sexual harassment.

25. That the aforesaid conduct of Defendants, their agents and servants, violates South Carolina and United States laws against retaliatory dismissal and was, in fact, retaliatory in nature, created a hostile work environment and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

26. As a direct and proximate result of the acts and practices of Defendants in retaliating against Plaintiff, creating a hostile work environment and in the termination of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

## FOR A FIRST CAUSE OF ACTION
### Violation of Title VII – Sexual Harassment

27. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

28. Defendants, as Plaintiff and Mr. Amead's employer, were wanton, and intentional in the harassment of the Plaintiff in the following particulars, to wit:

    a.  In visual, physical, and verbal contact by sexual advances and gestures that were initiated, maintained, and repeated after being informed by the Plaintiff that the contact was unwanted;

b.  In continually allowing Mr. Amead to maintain his presence near the Plaintiff while at work in an uncomfortable and inappropriate manner; and

c.  In refusing to remove the Plaintiff from the hostile work environment and sexual harassment.

29. That by reason of the aforesaid recklessness, willfulness and wantonness of Defendants, Plaintiff has suffered injuries, both physically and mentally.

30. As a direct and proximate result of the acts and practices of Defendants in the termination of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

## FOR A SECOND CAUSE OF ACTION
### Violation of Title VII - Religious Discrimination

31. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

32. Plaintiff is a member of a protected group on the basis of her religion.  Plaintiff was and was retaliated against and terminated based on her religion in violation of 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act.

33. Defendants were wanton, reckless, willful and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

a.  In failing to continue to employ Plaintiff due to her religion;

b.  In showing preferential treatment to Christian employees and detrimental treatment to Plaintiff; and

c.  In discharging Plaintiff due to her religion and in retaliation for filing reports of the discriminations and inappropriate behaviors.

34. That in failing to protect Plaintiff from racial discrimination, detrimental treatment and retaliation, Defendants acted with malice or reckless indifference to the federally protected rights set out under 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act.

35. Defendants violated 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act by allowing the religious discrimination, detrimental treatment and retaliation to exist in the workplace.

36. As a direct and proximate result of Defendant's discrimination and retaliation on the basis of religion, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

37. Defendants' employment discrimination and retaliation of Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

38. Plaintiff is entitled to injunctive relief and/or civil damages from Defendants as a result of the employment discrimination as alleged above.

39. Due to the acts of Defendants, their agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A THIRD CAUSE OF ACTION
### Retaliation 41-1-80

40.  The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

41.  Plaintiff's treatment, in fact, was retaliatory in nature for Plaintiff's instituting, or causing to be instituted, a workers' compensation claim, and the arbitrary and irrational reason given was a pretext, all in violation of the S.C. Code of Laws, §41-1-80, as amended.

42.  Plaintiff's institution, or causing to be instituted, of a worker's compensation claim was a substantial factor in the Defendants terminating her.

43.  The acts and conduct of the Defendants set forth above constitute a clear violation of public policy and were conducted in bad faith.

44.  By reason of such wrongful and retaliatory treatment by Defendants, their agents and employees, Plaintiff has been damaged in such an amount to be determined by the trier of fact.

45.  Due to the acts of Defendants, their agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits and lost opportunity, reinstatement of benefits, and front pay.

46.  Due to the acts of Defendants, their agents and/or employees, Plaintiff is entitled to an equivalent amount of pay that she was regularly getting before her injuries through, back wages and bonuses from the date of her retaliation to the present date, front pay for wages, wages she will lose in the future, and past and future benefits.

## FOR A FOURTH CAUSE OF ACTION
### Retaliation

47. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

48. Upon reporting the detrimental treatment and discrimination based on her religion and sexual harassment, Plaintiff was terminated from her position in retaliation for asserting her rights under 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act.

49. That the aforesaid conduct of Defendants, their agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act.

50. Plaintiff is entitled to injunctive relief and/or civil damages from Defendants as a result of Defendants' retaliation as alleged above.

51. That the aforesaid conduct of Defendants, their agents and servants, violates South Carolina and United States laws against retaliation and was, in fact, retaliatory in nature.

52. Due to the acts of Defendants, their agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A FIFTH CAUSE OF ACTION
### Hostile Work Environment

53. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

54. Once Plaintiff asserted her rights under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), Plaintiff was subjected to adverse terms and conditions by the Defendants causing a hostile work environment.

55. The Defendants' wrongful actions arising from Plaintiff's protected activity, as set forth aforesaid, constituted a hostile work environment for the Plaintiff. The Defendants violated Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), by allowing a hostile work environment to exist in the workplace.

56. The Defendants were wanton, reckless and intentional in the discrimination of the Plaintiff by creating a hostile work environment.

57. That the aforesaid discharge of Plaintiff's employment by the actions of Defendants constitutes a violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

58. As a direct and proximate result of the acts and practices of Defendants in the discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses.

## REQUEST FOR RELIEF

59. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

60. Due to the acts of the Defendants, Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

61. That by reason of such wrongful acts of the Defendants, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendants for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendants with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendants for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against Defendants for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against Defendants, in such an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

s/*Matthew O. King*
Matthew O. King, Fed. I.D. #13793
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
June 25, 2024